*374 The opinion of the Court was delivered' by
Inglis, J.
This appeal raises but a single question. The testator, William Priester, in the sixth clause of his will, reciting the provision which had been made for the children of his second marriage by their grandfather, Matthew Moye, and avowing his desire so to dispose of his own property as to place the two children of his first marriage “ on precisely the same footing in point of property” with the children of his second marriage, thus prescribes the manner in which the residue of his estate shall be distributed in order to fulfil this desire“Now I hereby direct my said executors, or the survivors of them, to sell, at the expiration of the said five years, all the rest and residue of my estate, real, personal and mixed, and to divide the proceeds of sale among my children in such shares and proportions as they would have taken had I been the owner of the property above referred to as "being embraced in the said deed and will of the said Matthew Moye; as well as my own property, and had directed the whole to be equally divided among all my children. In other words, supposing the property embraced in the said deed and will to be worth ten thousand dollars, and the said residue of my own property to be worth twenty thousand dollars, my will would be effected by giving to each of my said children by my first wife the sum of three thousand seven hundred and fifty dollars out of my own property, and I direct my executors to be governed by this principle of division.”
It will be seen from the pleadings that the interests which the children of the second marriage take in the things, to wit, lands, slaves, &c., given by their grandfather, are, at the best, estates in expectancy only, and that the actual participation of individuals of the class in the ultimate enjoyment in possession,.and the extent of that participation, are liable to be affected by various contingencies. It is claimed, on the one part, that in order to ascertain the share to which each *375 of the two children of the first marriage is entitled in the' residue of the testator’s estate now to be distributed, the executors must have respect to the value of the things themselves given by Moye to the children of the second marriage, as if these children were now in possession and absolute owners; and it is required, on the other part, that the value of such estate or interest only as they now have in those things shall be regarded. The Chancellor who heard the cause on the circuit adopted the former view, and the defendants below, disputing the correctness of his decree in this particular, have renewed the question here.
The judgment of the Court on such a question'must, of course, conform to the intention of the testator, and that intention may be best discovered, ordinarily, from the language in which it is expressed. But all the language used for this purpose must be taken into consideration. If the testator has undertaken to explain in detail general or concise forms of expression previously used, his explanation must, for the purposes of the particular construction, be accepted as the correct one. When this testator, for example, in the eighth clause of his will, says: “ If any devisee or legatee herein named, that is to say, if any one of my children shall happen to die,” &c.; although the general words first used would include the wife, who is a devisee and legatee under the will, yet inasmuch as the testator has, by the subsequent words, defined and restrained the application of those general words, no one' would question what interpretation it is proper to put upon the general words in the execution of the will. So when the testator, having avowed in general terms his desire to put “ the children of his first marriage precisely on the same footing in point of property with the children of the second marriage,” regard being had to the gifts to the latter by their grandfather, and proceeds immediately to direct in detail the mode in which this purpose, as it existed in his mind, shall be accomplished, whatever is the reason *376 able interpretation of tbe detailed explanation, must be accepted as the meaning of the general terms. In such case the inquiry is, not whether there shall be a sacrifice of a particular intent, as seemingly indicated by the terms of a separate and independent disposition -of the will, to the general intent on the same general subject as disclosed throughout the will, but what is the general intent on the subject in the light of the testator’s own explanation and definition of the general terms in which he is supposed to have expressed it. It seems not unworthy of observation here, too, that the general words on which the appellants rest their claim occur in the preamble or reciting part of the clause, and the subsequent detailed explanation in the disposing part. It might well be thought to follow from this, that even if the words of disposition, in their fair and reasonable interpretation, are narrower than the words of recital, the former ought rather to control.
It is assumed by the appeal that the purpose of this testator, as expressed by the general terms relied on, was to bring about an absolute equality in point of fortune or estate among his children. The accomplishment of such a purpose it was not in his power, under the circumstances, to insure, and neither of the proposed interpretations will effect it. That which he does propose is to put them “ on precisely the same footing in point of property.” And this word " property” is that which is used in the detailed explanation following to describe the subject-matter which, as received by the second class of children from their grandfather, he requires shall be valued and added to the proceeds of the sale of the residue of his own estate, to constitute the fund, an equal share in which he directs that each of his children shall have. Certainly this word may be and is used to describe the quantity and nature of interest or the estate which one has or is to take in the subject of disposition, conveyance or ownership. And perhaps in etymological strictness it cannot comprehend more *377 than such interest, for that is the exact extent or measure of the property or proprietorship which one has in things. And yet the popular and ordinary sense in which lay or unprofessional persons use the word, must, I think, be admitted to have respect rather to the things themselves than to the estate held in them. This testator, in the particular clause of his will under present consideration, -employs this word not less than nine times, and it must be evident to every reader of his language that in, at least, seven of the nine, he means by it the things and not the estate held in them. It is equally true that the same word is used five times in the other clauses of the will, and in every instance in the same sense. And in the particular instance in which the testator uses it to describe the subject of valuation, to which the executors are to have reference in distributing the residue of his own estate, he says, “the property embraced in said deed and will,” not the property given to or vested in or limited to the children therein. Comparing this language with that used in the early part of the clause when reciting the gifts by Moye, it is difficult to doubt that he employs the word in this instance in the sense so often elsewhere conveyed by it. It does not seem a reasonable or fair interpretation of the testator’s language, then, to regard him as having, on the only other occasion on which he employs this word, used it in a different, and that rather an artificial or else nicely radical sense.
"We are of opinion that the testator — not at the time having in his view the uncertainties and contingencies to which the interests of the children of his second marriage in the lands, slaves, and other things given by Moye, were subject, or the exact legal nature of their estates therein, and overlooking the interposed interests which, it is probable, were not practically affecting their present enjoyment of a large part of those things, jointly with their mother — regarded the lands, slaves, &c., as substantially belonging to the children. Not *378 looking beyond tbe period fixed for tbe final distributioii of tbe residue of his own estate, he intended that the things themselves which Moye had, by deed and will, given, should then be treated as the “property" of the children of his second marriage, and valued and added to the residue of his own property, as at that period existing, to make the fund, an equal share in which was to be secured to each of the children of his first marriage out of so much of it as he could dispose of. No equality beyond this seems to have been aimed at. Such was the conclusion of the Chancellor on the circuit, and it is therefore ordered that his decree be affirmed, and the defendant’s appeal dismissed.
The attention of the Chancellor seems not to have been called to the necessity of ascertaining the precise point of time, in reference to which, for the purpose of distribution, a valuation should be made of the property given to the children of the second marriage by the deed and will of Matthew Moye, as recited in the sixth clause of testator’s will. It is the opinion of this Court that this property, in the sense ascertained by the present judgment, should be valued as of the time fixed by the testator for the distribution of the residue of his estate, to wit, at the expiration of five years from his death. This time, as it appears from the pleadings, was the 12th March, 1861. In order to supply the inadvertent omission, it is ordered that the valuation be made in conformity with this opinion.
Dunkin, C. J., and Wakdlaw, J., concurred.

Decree modified.